Arthur S. and Josephine G. Kennedy v. Commissioner.
Arthur S. & Josephine G. Kennedy v. Commissioner
Docket No. 14399.
United States Tax Court
1948 Tax Ct. Memo LEXIS 29; 7 T.C.M. (CCH) 880; T.C.M. (RIA) 48253; November 23, 1948
*29 Preston D. Orem, Esq., for the petitioners. H. Arlo Melville, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined income tax deficiencies for 1943 and 1944 in the respective amounts of $441.27 and $563.76, plus a 5 per cent negligence penalty for each of such years. A motion by the respondent, filed after the hearing, to amend the pleadings to conform with the proof and to assert a 50 per cent fraud penalty in each of the taxable years was denied August 3, 1948. Findings of Fact The petitioners during the taxable years involved were residents of California and were living together as husband and wife. They filed joint returns for each of the years with the collector at Los Angeles. They have since been divorced. On their returns for the taxable years the petitioners reported joint income from their employment as welders in the amounts of $5,384.26 for 1943 and $5,523.47 for 1944. They claimed deductions in their returns for each of the years as follows: ITEMS
1943
1944
Contributions
Catholic Church
$ 52.00
$ 104.00
Red Cross
30.00
30.00
Salvation Army
30.00
30.00
China Relief
5.00
5.00
U.S.O.
25.00
30.00
Tuberculosis Society
2.00
2.00
D.A.V.
5.00
3.00
Community Chest
5.00
5.00
March of Dimes
3.00
5.00
P.T.A.
5.00
6.00
Elks & Eagles
20.00
Elks Lodge
20.00
American Legion
1.00
Veterans of Foreign Wars
2.50
2.00
Rescue Mission
1.00
2.00
War Chest
17.00
24.00
Soldiers and Sailors Relief
2.50
2.00
Army and Navy Relief
2.50
2.00
St. Vincent De Paul for Italian Relief
200.00
Examiner's Xmas Fund for War Wounded
10.00
Total Contributions
$ 207.50
$ 483.00
Interest
Mortgage on Home
$ 75.00
$ 73.80
Car Contract (Seaboard Finance)
35.00
Car Contract (Bank of America)
40.00
Furniture (Seaboard Finance)
40.00
33.90
Personal Loan (Bank of America)
Total Interest
$ 150.00
$ 147.70
Taxes
Real Estate
$ 35.75
$ 36.90
Personal Property
3.25
3.25
Licenses
12.80
Licenses (3 cars)
43.20
Telephone
1.00
Train Fare
16.00
Amusement
30.00
Federal Use
10.00
15.00
Sales Tax (Extra Purchases)
100.00
City Tax
3.50
City License
2.00
Total Taxes
$ 177.30
$ 200.35
Losses
Clothing burned at work
$ 100.00
$ 120.00
Roof blown off by wind
18.00
Ran into a bank in Oceanside going at 15 mi. pr. hr. because of
slippery pavement
25.00
Small tools stolen at work
20.00
Total Losses
$ 118.00
$ 165.00
Deductible Expenses
Protective Clothing: Helmet
$ 25.00
$ 12.50
Leather Suits
79.00
30.00
Special Work Shoes
80.00
50.00
Repairing Work Shoes
20.00
12.00
Gloves
40.00
36.00
Goggies
40.00
7.00
Rubber Hat
2.00
Rubber Coat
8.00
Laundry of Working Clothes (Only)
156.00
156.00
Kit of Tools - Value $150 (Depreciation 3 yrs.)
58.00
Kit of Tools - Value $175 (Depreciation 3 yrs.)
58.00
Tools - Yearly Depreciation
15.00
10.00
1938 Olds. - Value $400, used for work (Depreciation)
200.00
1944 LaSalle - Value $1,000, used for work (Depreciation)
200.00
Gasoline
220.00
200.00
Oil
18.00
18.00
Repairs
80.00
60.00
Auto Insurance
34.00
Accident Insurance
60.00
Union Dues
168.00
125.00
Unemployment Insurance
49.84
Total Deductible Expenses
$1,269.00
$1,058.34
Medical
Dr. R. W. Shaeffer - $250; Anes. - $20
$ 270.00
Redondo Torrance Hospital - $100; Gratuity - $10
110.00
Prescriptions, Medicine, and Vitamins
60.00
Total Medical
$ 440.00
*30 The returns for both years were prepared for the petitioners by Edward W. Jackson, described as a Notary Public, who called at their home with a printed questionnaire which he helped them to fill out. This questionnaire contained space for listing income and various types of deductions, under the headings, contributions, interest, taxes, bad debts, and others. Under contributions, for example, were the following items, as filled out by the petitioners for 1943: CONTRIBUTIONS
Catholic Church
$52.00
Red Cross
30.00
U.S.O.
25.00
China Relief
5.00
Greek Relief
Community Chest
5.00
Tuberculosis Society
2.00
D.A.V.
5.00
Goodwill Society
Orthopedic Hospital
D.A.R.
Boy Scouts
March of Dimes
3.00
P.T.A.
5.00
Frat. Org. (Elks)
20.00
Birth Control
American Legion
Vets. Foreign Wars
2.50
Milk Funds
Research
Cruelty to Animals
Political Organization
Rescue Mission
1.00
War Chest
17.00
Soldiers and Sailors Re-
Army and Navy
2.50
Miscellaneous
lief
2.50
Salvation Army
30.00
The petitioners' returns were made up by Jackson from these questionnaires. He signed the return, along with the petitioners, as *31 the person preparing them. In his audit of the returns the respondent disallowed all of the deductions claimed for both years. The petitioners alleged in the original petition filed in this proceeding that the respondent erred in disallowing "each and every item" claimed in the return and further alleged, as facts, that "our returns were honestly made. We will prove that we are one of a group of taxpayers who are being persecuted without cause." On motion of the respondent to dismiss the proceeding for failure of the petitioners to comply with the Court's Rules of Practice (Rule 6 (d) (e) (i)), the petitioners filed an amended petition which provides in paragraphs 4 and 5, as follows: "4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: Internal Revenue Department's disallowance of 1. contributions, 2. interest, 3. taxes, 4. losses, 5. miscellaneous expenses, 6. business expenses, 7. medical expenses, in the amounts of 1. contributions 955.50, 2. interest 431.49, 3. taxes 485.70, 4. losses 433.00, 5. medical expense 524.03 and 6. miscellaneous expense 2968.73. 5. The facts upon which the petitioner relies as the basis of *32 this proceeding are as follows: with 1. receipts, 2. affidavits and 3. witnesses I/we will prove that our returns were correctly and honestly made, and that we are one of a group of segregated taxpayers who are being persecuted for a purpose foreign to our tax returns; that the Department's notice of deficiency is in the hands of the Tax Court or is attached hereto. We further rely upon the fact that we did make the 1. contributions amounting to 955.50, 2. paid interest 431.49, 3. paid taxes 485.70, 4. suffered losses 433.00, 5. had net medical expense 2968.73 and our 1945 overassessment should have been 338.50 instead of 21.93 *." Both the original and amended petitions were prepared on printed forms furnished by Jackson and signed by him as Notary Public. The respondent's motion to dismiss was denied November 19, 1947. During the taxable year 1943 petitioners made contributions to recognized charities, paid interest, taxes and ordinary and necessary business expenses, totaling $750. No medical expenses were incurred in that year. During the taxable year 1944 petitioners made *33 contributions to recognized charities, paid interest, taxes and business expenses, totaling $600. Of this amount $300 was ordinary and necessary business expenses paid. During the taxable year 1944, petitioners also paid $400 medical and hospital expenses. Opinion LEMIRE, Judge: By disallowing the deduction of all the items claimed by the petitioners in their returns the respondent put the petitioners on their proof of the facts essential to the allowance of the deductions. The only evidence furnished, or offered, by the petitioners is the oral testimony of petitioner, Arthur S. Kennedy. This testimony consists of uncorroborated statements by the witness that the disputed expenditures or contributions were actually made, or the losses sustained, as claimed in the returns. These statements, for the most part, were elicited by counsel in an item by item interrogation, based on the returns themselves. The witness admitted that he had no independent recollection of many of the items claimed in the returns. He had no receipts or authenticating records of any description. He claimed that the receipts which he once had were last seen in the possession of his wife. He did not know her *34 present whereabouts. He had made no effort to secure duplicate receipts or any other written matter verifying his alleged charitable contributions, or other items claimed in the returns. He admitted that most of these items were nothing more than estimates. In the circumstances of this case the type of evidence furnished by the petitioners is of little, if any, value. Certainly, it does not meet the burden of proof resting upon the petitioners to establish their legal rights to the deductions claimed. The evidence as whole not only leaves considerable doubt as to the factual basis for many of the deductions claimed but it convinces us that the petitioners themselves gave but little serious attention to the preparation of their returns. Notwithstanding the unsatisfactory state of the petitioners' proof, we are convinced that they are entitled to some of the deductions which the respondent has disallowed. The respondent concedes on brief that the petitioners are entitled to a portion of some of the items claimed in their returns. From such means as the evidence affords us we have concluded that the aggregate of the deductions of all classes to which the petitioners are entitled *35 in the taxable year 1943 is $750. We further find that the aggregate deductions of all classes, exclusive of medical expense, to which the petitioners are entitled in the taxable year 1944, is $600. We further find that the petitioners, during the taxable year 1944, paid medical and hospital expenses totaling $400, and are therefore entitled to an additional deduction on this account in the amount of the excess of said medical expense over and above 5 per cent of the adjusted gross income. We think that the respondent has correctly imposed the 5 per cent negligence penalty. Decision will be entered under Rule 50. Footnotes
*. The portions of the quoted paragraphs in italics are printed, while the balance is typed.↩